UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

YING KUANG,

                Plaintiff,

    -v-

GENZYME GENETICS CORPORATION,

                Defendant.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 25 2012

11 Civ. 06346 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Defendant Lauren Lyall filed a Motion for an Award of Attorney's Fees following dismissal of the employment discrimination claims against her on a Rule 12(c) motion. For the reasons that follow, Defendant's motion is GRANTED.

**I. BACKGROUND**

    Plaintiff Ying Kuang filed her Complaint in the instant action on September 12, 2011. (Docket # 1). The Complaint names two defendants, Plaintiff's former employer, Genzyme Genetics Corporation ("Genzyme"), and Lauren Lyall ("Lyall"), Plaintiff's supervisor at Genzyme. (Compl. ¶¶ 2–3, 9). The Complaint contains four claims alleging discrimination based on age, gender, and national origin, as well as "wrongful, tortious, and illegal retaliation," brought pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

    On October 13, 2011, counsel for Plaintiff communicated with counsel for Defendants orally and by email, at which time counsel for Defendants clearly and unequivocally informed counsel for Plaintiff that controlling Second Circuit case law precludes liability for individual

1

supervisors under both Title VII and the ADEA. (Docket # 20, Ex. A (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"); *Martin v. Chem. Bank*, 127 F.3d 114, 1997 WL 701359 (2d Cir. 1997) ("individual supervisors may not be held personally liable under the ADEA")). In an email dated October 17, 2011, counsel for Plaintiff responded that he was "not able to obtain the Plaintiff, Ms Kuang's consent to remove Ms. L. Lyall as an individual Defendant [*sic*]" and stated that Lyall "may either move to dismiss or answer. Please be advised accordingly." (Docket # 20, Ex. C).

Three days later, on October 20, 2011, Lyall submitted an Answer, in which she listed as her third affirmative defense that "there is no individual liability under any of the statutes pled in the Complaint." (Docket # 3 at 8). On December 30, 2011, Lyall filed a Motion for Judgment on the Pleadings, and her accompanying Memorandum of Law detailed the well-established and long-standing case law from the Second Circuit holding that individual supervisors cannot be held individually liable under Title VII or the ADEA. (Docket # 9 at 7). Plaintiff's opposition brief failed to acknowledge the clear holdings of multiple published Second Circuit opinions over the past fifteen years, instead citing out-of-circuit cases and Judge Parker's *dissent* in *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) abrogated on other grounds by *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1998), a decision in which the majority clearly held that individual supervisors such as Lyall cannot be held liable under Title VII. (*See* Docket # 11).

Judge Rakoff granted Lyall's Motion for Judgment on the Pleadings, writing that "neither Title VII nor the ADEA permits plaintiffs to sue their individual supervisors." (Docket # 14 at 2). Judge Rakoff opined that the "Second Circuit has long ago rejected Kuang's arguments that

Title VII's and the ADEA's definitions of 'employer' include individual supervisors." (*Id.* at 3). Judge Rakoff rejected Kuang's attempt to "restyle her statutory claims as state law tort claims" as the one-year statute of limitations for intentional torts had already run. (*Id.*).

The case was thereafter reassigned to the undersigned Judge. On February 17, 2012, Lyall filed the present Motion for an Award of Attorney's Fees.

## II. STANDARD FOR AWARDING ATTORNEY'S FEES UNDER TITLE VII

In a Title VII action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e-5(k) (2012). "[F]ees are routinely awarded to a prevailing plaintiff who obtains some significant measure of relief, but are not so readily available to a prevailing defendant." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 769 (2d Cir. 1998). "In order to avoid chilling the initiation and prosecution of meritorious civil rights actions," *id.* at 770, fees may not be awarded against a civil rights plaintiff unless the action was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate it after it clearly became so." *Parker v. Sony Pictures Entm't*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *Hughes v. Rowe,* 449 U.S. 5, 14 (1980) ("The plaintiff's action must be meritless in the sense that it is groundless or without foundation.").

Whether a claim was frivolous, unreasonable, or groundless is a mixed question of law and fact. *See Leblanc-Sternberg*, 143 F.3d at 770. In answering this question, a court must not "engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* (quoting *Christiansburg*, 434 U.S. at 421–22). A complaint is not so frivolous as to warrant an award of fees if "the plaintiff has made a sufficient evidentiary showing to forestall summary judgment and has

3

presented sufficient evidence at trial to prevent the entry of judgment against him as a matter of law." *Id.* at 771.

As discussed below, the Court grants Lyall's motion based on a finding that (1) Lyall was a prevailing party, (2) the action against her was frivolous, unreasonable, and groundless, and (3) Plaintiff continued to pursue the action after being put on notice as to and informed of its frivolousness.

### III. DEFENDANT IS A "PREVAILING PARTY" IN THIS CASE

In *United States v. Cathcart*, the Second Circuit held that "for a party to be 'prevailing' in the context of a related fee-shifting statute, there must be a 'judicially sanctioned change in the legal relationship of the parties.'" 291 F. App'x 360, 364 (2d Cir. 2008) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). A Defendant who prevails on a Rule 12 motion is a prevailing party for purposes of federal civil rights fee shifting statutes. *See Johnson v. New York City Transit Auth.*, 823 F.2d 31 (2d Cir. 1987) (affirming district court's assessment of fees against a civil rights plaintiff following dismissal of the case on a Rule 12(b)(6) motion and remanding for further consideration as to the amount of the assessment).

Plaintiff argues that Defendant is not entitled to recover under the fee-shifting provisions because "[i]f Ms. Lyall is not a party to a Title VII and ADEA civil rights action, she is not a 'prevailing party,' and fee shifting provision [*sic*] does not apply to her." (Docket # 22 at 3). In essence, Plaintiff argues that Lyall is not a prevailing party because she is no longer a party. This argument misses the point that Lyall is no longer a party because she *prevailed* on her Rule 12 motion.

4

Plaintiff next argues that Lyall is not a prevailing party because she did not affirmatively prove that she did not do any of the alleged conduct. Yet Defendant need not defend herself on the merits to be considered a prevailing party for purposes of federal civil rights litigation. *See Johnson*, 823 F.2d at 32. It is true that Lyall never needed to defend herself on the merits, but that is only because, as discussed in Section "IV" below, controlling case law precluded Plaintiff from being able state a viable claim against her under the statutes pled in the Complaint.

## IV. THE CLAIMS AGAINST LYALL WERE FRIVOLOUS

It is well-established in the Second Circuit that individual supervisors cannot be held liable under Title VII or the ADEA. *See Tomka*, 66 F.3d at 1314; *Patterson v. Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) ("[I]ndividuals are not subject to liability under Title VII.") (quoting *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000)); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) ("[T]he ADEA precludes individual liability."). While Title VII's definition of an "employer" who may be subject to suit does include the term "agent," 42 U.S.C. § 2000e(b), (2012), the Second Circuit has explicitly interpreted this provision to *not* include individual supervisors. *Tomka*, 66 F.3d at 1314 ("While a narrow, literal reading of the agent clause in § 2000e(b) does imply that an employer's agent is a statutory employer for the purposes of liability, a broader consideration of Title VII indicates that this interpretation of the statute does not comport with Congress' clearly expressed intent in enacting that statute.").

Because the principal that individual supervisors cannot be named in Title VII and ADEA actions is so well established, courts in this Circuit have often characterized Title VII claims against individuals as frivolous. *See DiProjetto v. Morris Protective Serv.*, 306 F. App'x 687, 688 (2d Cir. 2009) (summary order) (affirming the district court's dismissal of plaintiff's claim as "frivolous" in part because "individuals are not subject to liability under Title VII");

*Evans v. Port Authority of New York & New Jersey*, No. 00 Civ. 5753, 2003 WL 1842876, at *1 (S.D.N.Y. Apr. 1, 2003) ("[T]o the extent the case was brought against these [individual] defendants under Title VII, it was entirely frivolous . . . .").

Plaintiff's brief in opposition to the instant motion persists in arguing that Lyall's status as an agent qualifies her as an employer for purposes of Title VII (Docket # 22 at 4). Yet the Complaint clearly alleges that in "2006, the individual Defendant Ms. Lyall took over the position of . . . Plaintiff Ms. Kuang's immediate supervisor" (Compl. ¶ 9), and that "[t]he individual Defendant Ms. Lauren Lyall . . . is one of Genyzme's corporate employees, officers, and lab managers . . . ." (Compl. ¶ 3). Judge Rakoff's opinion cited ample Second Circuit case law holding that Lyall cannot be liable under Title VII and the ADEA under such circumstances (Docket # 14 at 2–3) and Plaintiff's argument to the contrary continues to lack merit.[1]

Plaintiff's legal arguments in support of her claims against Lyall were directly contrary to well-established controlling law in this Circuit and were therefore frivolous, unreasonable, and groundless.

## V. PLAINTIFF CONTINUED TO PURSUE HER CLAIM AGAINST LYALL AFTER SHE WAS ON NOTICE THAT IT WAS GROUNDLESS AS A MATTER OF LAW

For fees to be awarded, the Court need not make a finding that Plaintiff pursued the action in bad faith; it is sufficient to find that Plaintiff pursued the action after its frivolousness became clear. *Christiansburg*, 434 U.S. at 422.

If reasonable diligence had been conducted prior to the filing of the Complaint, it would have been clear that the allegations against Lyall were deficient as a matter of law. However, to

---

[1] Plaintiff also argues that she was making a non-frivolous argument for modifying existing law. (Opp. Br. at 5). Even if this Court were in a position to alter long-established Second Circuit holdings, which it is not, Plaintiff failed to make a coherent argument for such a change.

6

aid Plaintiff and her counsel, on October 13, 2011—approximately one month after the filing of the Complaint and one week before submission of an Answer—counsel for Defendants sent counsel for Plaintiffs a letter explaining that the Second Circuit's decision in *Tomka* precludes individual supervisors from liability under Title VII and that similar cases preclude such liability under the ADEA. (*See* Docket # 19, Ex. A). This letter, submitted before Defendants submitted an Answer or a Rule 12(c) motion—and therefore likely before Lyall expended any considerable sum on legal fees—put Plaintiff on notice that no viable claim had been stated against Lyall.

In essence, counsel for Defendants offered Plaintiff an opportunity to dismiss the frivolous claims against Lyall without requiring unnecessary legal expense. Plaintiff did not seize this opportunity. On October 17, 2011, counsel for Plaintiff sent counsel for Defendants an email stating that he was "not able to obtain the Plaintiff, Ms. Kuang's consent to remove Ms. L. Lyall as an individual Defendant . . . . However, if you have been actually retained by her you may either move to dismiss or answer. Please be advised accordingly." (Docket # 20, Ex. C).

On October 20, 2011, Defendants submitted an Answer, in which the absence of individual liability under the statutes asserted in the Complaint was listed as an affirmative defense. (Docket # 3). Two months later, Defendants filed their Motion for Judgment on the Pleading, which detailed the case law holding that there is no liability for individual supervisors under either Title VII or the ADEA. (Docket # 9). In the face of all of the clear authority presented repeatedly, Plaintiff chose to oppose the Rule 12(c) motion. (Docket # 11).

Thus, it can fairly be said that Plaintiff proceeded to litigate the matter after it was made abundantly clear on repeated occasions that the claims against Lyall failed as a matter of law.

## VI. FEES ARE ONLY ASSESSED FOR CLAIM I AND III IN THE COMPLAINT

For the foregoing reasons, Lyall shall be awarded fees incurred defending against claims I and III, which allege violations of Title VII. However, the other two claims do not invoke statutes that permit fee shifting awards for prevailing defendants.

Unlike Title VII, the ADEA incorporates the fee-shifting provision of the Fair Labor Standards Act, *see* 29 U.S.C. § 626(b), which only allows the court to award a reasonable attorney's fee to a prevailing *plaintiff*. 29 U.S.C. § 216(b) (2012).[2] Lyall therefore may not be awarded fees for defending herself against Claim II, which alleged age discrimination. Similarly, as Claim IV may be read as a common law tort action, fees shall not be assessed for work performed defending against that claim.

## CONCLUSION

Defendant's motion is GRANTED to the extent that fees shall be awarded to Lyall for the legal expenses incurred defending against Claims I and III in the Complaint against her. Within 14 days of the date of this Order, counsel for Defendant shall produce a sworn affidavit of all legal fees incurred defending Lyall against the Title VII claims.[3]

---

[2] While some limited authority exists for the proposition that fees should still be awarded against a plaintiff in an ADEA case upon a finding of bad faith, *see Steinberg v. St. Regis/Sheraton Hotel*, 583 F. Supp. 421, 424 (S.D.N.Y. 1984), this Court does not make any finding of bad faith.

[3] To the extent that work performed and fees expended defending against the Title VII claims were entirely overlapping with fees incurred defending against the other claims—such as the fees for the time of attending the Initial Pretrial Conference held before Judge Rakoff on December 12, 2011—Defendant shall be awarded such fees. Defendant is entitled to an award of fees for defending against a frivolous Title VII action and it would not make sense to deny her those fees because other frivolous claims were added to the Title VII claims.

8

SO ORDERED.

Dated: July 25, 2012
      New York, New York

                                               ALISON J. NATHAN
                                            United States District Judge