USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 2 8 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YING KUANG,

                    Plaintiff,

-v-                                                          11 Civ. 06346 (AJN)

GENZYME GENETICS CORPORATION,                    ORDER

                    Defendant.
------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

On July 25, 2012, the Court granted Defendant Lauran Lyall's ("Lyall") motion for an award of attorney's fees and requested briefing from the parties regarding the amount of fees to be awarded. (Docket # 36). Defense counsel subsequently submitted an itemization of its time spent on the case and Plaintiff's counsel submitted a letter in response. (Docket #'s 42, 44). The Court now addresses the proper amount of attorney fees to award Lyall.

## I. DISCUSSION

As discussed below, the Court concludes that the hours that defense counsel represents it worked are reasonable, as are its proposed hourly rates, but that the final award should be reduced on account of Plaintiff's financial circumstances.

### A. Defense Counsel Provided Adequate Documentation of Expenses Incurred

The Second Circuit and the Supreme Court have held that the lodestar, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," creates a "presumptively reasonable fee." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1673 (2010)). In addition to

compensation for work performed litigating the present action, "a reasonable fee should be awarded for time reasonably spent in preparing and defending an application for § 1988 fees." *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). The Court addresses Defendant's counsel's proposed hourly rates and compensable hours in turn.

1. Hourly Rates

The hourly rates used in determining a fee award should be "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984); *accord Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006).

Defendant's counsel's fees were accrued primarily by the work of two lawyers (collectively, the "K&L attorneys"). The primary attorney, George Barbatsuly, graduated from George Washington University Law School in May 1994 and has been admitted to the Bar of the State of New York and the State of New Jersey since 1994. (Docket # 42 ¶ 3). Mr. Barbatsuly is Of Counsel at K&L Gates LLP ("K&L Gates"). He seeks to be compensated at a rate of $430 an hour for work performed in 2011 and $445 an hour for work performed in 2012. (*Id.*). Mr. Barbatsuly was assisted by Bridget Blinn-Spears, who is Counsel with K&L Gates. Ms. Blinn-Spears received her J.D. from Washington and Lee University School of Law in 2004 and is admitted to the Bar of the State of Texas and of North Carolina. (*Id.* ¶ 4). Ms. Blinn-Spears seeks compensation at a billing rate of $280 an hour for work performed in 2011, and $300 an hour for work performed in 2012. (*Id.*).

2


Mr. Barbatsuly was also assisted to a lesser extent by Laura Stutz and Amie Carmack. Ms. Carmack is a Partner at K&L Gates, a graduate of Wake Forest University, and has been admitted to the Bar of the State of North Carolina since 1995. (Docket # 42 ¶ 5). Defendant's counsel seeks $400 an hour for work she performed in 2011 and $425 an hour for work she performed in 2012. (*Id.*). Ms. Stutz is Counsel at K&L Gates, she received her J.D. from Seton Hall University School of Law in 2001, and has been admitted to the Bar of the State of New York and the State of New Jersey since that time. (Docket # 42 ¶ 6). Defendant's counsel seeks to be compensated at a rate $355 an hour for work performed by Ms. Stutz.

Courts in this district hold that "[t]he fee applicant bears the burden of establishing the reasonableness of the hourly rates requested—in particular, by producing satisfactory evidence that the requested rates are in line with those prevailing in the community." *Yea Kim v. 167 Nail Plaza, Inc.*, 05 Civ. 8560, 2009 WL 77876, at *7 (S.D.N.Y. Jan. 12, 2009); *see also Malletier v. Dooney & Bourke, Inc.*, 04 Civ. 5316, 2007 WL 1284013, at *2 (S.D.N.Y. Apr. 24, 2007) ("[T]he fee applicant bears the burden of proof" of establishing the reasonably hourly rate.). Nevertheless, in determining the appropriate hourly rate, a district court may also "rel[y] on its own knowledge of the rates charged by practitioners." *Yea Kim*, 2009 WL 77876, at *8 (citing *McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.")).

The hourly rates sought by Plaintiff's counsel are within the range awarded to attorneys with similar experience in this district for work performed on Title VII cases. *See, e.g., Syrnik v. Polones Constr. Corp.*, 2012 WL 4122801 (S.D.N.Y. Sept. 19, 2012); *Torres v. Gristede's Operating Corp.*, 2012 WL 3878144, at *3 (S.D.N.Y. Aug. 6, 2012); *cf. Barbour v. City of*

*White Plains*, No. 07-CV-3014 (S.D.N.Y. May 24, 2011) (RPP), Docket # 67 at 12–14 (rates of $625 an hour for a civil rights litigator with "extensive experience" and $450 an hour for an attorney with twenty-two years of legal experience reasonable in the absence of any objection to the proposed rates), *aff'd*, --- F.3d ---, 2012 WL 5503601 (2d Cir. Nov. 14, 2012). The Court concludes that they are reasonable.

2. Hours Worked

Defendant's counsel presents time logs indicating that they spent 11.6 hours working on the successful motion for judgment on the pleadings resulting in the dismissal of the case against Lyall. (Docket # 42). The Court concludes that this is a reasonable amount of time to have spent briefing this successful motion. Defendant's counsel also requests compensation for 16.6 hours spent working on the motion for an award of fees, which, while at the high end, is within that amount that has been awarded by judges in New York. *See, e.g.*, *Brown v. Starrett City Assoc.*, 2011 WL 5118438, at *6 (E.D.N.Y. 2011) (noting that courts in the Eastern District of New York typically awarded between 5 and 15 hours for fee applications in routine cases and reducing fee application hours from 29 to 22). The Court notes that Defendant's counsel's application for fees involved more than just compiling its time sheets. Defendant's counsel provided briefing on the issue of whether an award of fees to the defendant was even appropriate in this case. Under these circumstances, Defendant's counsel's claimed time expenditures are especially reasonable.

Plaintiff's counsel argues, without merit, that, although the Court only awarded Lyall fees for the cost of defending against Claims I and III in the Complaint, "Defendant's attorney . . . did not disallow, remove or excludes Fees assessed for work allegedly performed defending Ms. Lyall on Claims or Counts II and IV [*sic*]." (Docket # 44 at 4). To the contrary, Defendant's

4

counsel's declaration makes clear that, pursuant to footnote 3 of this Court's July 25, 2012 Order (Docket # 36), it excluded fees incurred that did not involve defending against the Title VII claims or overlap with defending against the Title VII claims. (Docket # 42 ¶¶ 12–15).

****

In sum, applying reasonable hourly rates and the number of hours reasonably worked, the Court concludes that the lodestar is calculated as followed:

Work Performed in 2011

| Attorney | Hourly Rate | Hours Worked | Amount Billed |
| --- | --- | --- | --- |
| Barbatsuly | $430 | 2.7 | $1,161 |
| Carmack | $400 | .5 | $200 |
| Blinn-Spears | $280 | 3.9 | $1,092 |

**Total: $2,453.00**

Work Performed in 2012

| Attorney | Hourly Rate | Hours Worked | Amount Billed |
| --- | --- | --- | --- |
| Barbatsuly | $445 | 14.4 | $6,408 |
| Carmack | $425 | 1.4 | $595 |
| Blinn-Spears | $300 | 4.6 | $1,380 |
| Stutz | $355 | .7 | $248.5 |

**Total: $8,631.50**

The lodestar therefore is calculated at $11,084.50. However, for the reasons discussed below, the Court concludes that a lower award is appropriate in this case.

      B. <u>Plaintiff's Indigence Weighs in Favor of a Reduction in the Amount of Fees Awarded</u>

An award of fees under Title VII is discretionary and the amount to be awarded is to be "reasonable." 42 U.S.C. § 1988(b). In this case, Plaintiff's indigence weighs in favor of a reduction in the amount of fees to be awarded.

Plaintiff's counsel asserts, and Defendants do not contest, that Plaintiff is indigent, without income, and responsible for supporting her children and elderly parents. (Docket # 44). While a party's indigence should not be taken into consideration when the Court is deciding *whether* to award fees pursuant to Section 1988(b), it may be considered when the Court determines what amount of fees are reasonable to assess against a plaintiff. *DeLeon v. City of Haltom City*, 113 F. App'x 577, 578–79 & n.1 (5th Cir. 2004); *see also Roth v. Green*, 466 F.3d 1179, 1194 (10th Cir. 2006). Indeed, even if the hours and rates detailed in a fee application are "proper" and not "excessive" under the circumstances, as in this case, the Second Circuit has suggested that a district judge ought to lower the amount of fees awarded under Section 1988 in light of a civil rights plaintiff's financial circumstances. *See Johnson v. N.Y.C. Trans. Auth.*, 823 F.2d 31, 33 (2d Cir. 1987) ("Though $3,450 is not necessarily an excessive award under the circumstances, it may be more of a sanction than is appropriate for a discharged transit employee.").[1]

In light of Plaintiff's challenging financial circumstances, the Court reduces the fees to be awarded by 65 percent. *Cf. N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (percentage cuts are a "practical means of trimming fat from a fee application") ("[A] trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, but for the most part such decisions are best

---

[1] Additionally, in the somewhat related context of awarding costs pursuant Rule 54, the Second Circuit has instructed that "district courts retain discretion to limit or deny costs based on indigency." *Whitfield v. Scully*, 241 F.3d 264, 273 (2d Cir. 2001).

6

made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation."). The resulting award is $3,879.60

The Court does not take lightly the decision to impose fee shifting against a civil rights plaintiff. However, as detailed in the Court's July 25 Order, Defendant Lyall was forced to spend thousands of dollars defending herself against a frivolous and baseless action, which Plaintiff pursued even after its total lack of merit was apparent. (Docket # 36). Under these circumstances, pursuant to 42 U.S.C § 2000e-5(k), the awarded fees are reasonable.

## CONCLUSION

For the foregoing reasons, Defendant Lyall is awarded $3,879.60.

SO ORDERED:

Dated: November 28, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge